UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES,<br><br>        Plaintiff,<br><br>v.<br><br>DEPUTY AGNEW, et al.,<br><br>        Defendants. | Case No.: 15-cv-409-AJB-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>**[ECF No. 42]** |

   This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

   For the reasons set forth herein, the Court **RECOMMENDS**: 1) Defendants' motion to dismiss Plaintiff's request for injunctive relief against Defendants be **GRANTED**; 2) Defendants' motion to strike legal citations in Plaintiff's Third Amended Complaint be **DENIED**; and 3) Defendants' motion to strike an exhibit from the Third Amended Complaint be **DENIED**.

# I. PROCEDURAL HISTORY

Kyle James ("Plaintiff") is a pretrial detainee proceeding pro se. (ECF No. 41). In his Third Amended Complaint ("TAC"), Petitioner claims that his civil rights were violated due to excessive force by Deputy Agnew and Deputy Tade ("Defendants") during an altercation on August 13, 2014, at San Diego Central Jail ("SDCJ"). (*Id.*). Plaintiff requests injunctive relief from Defendants, as well as damages. (*Id.* at 5).[1]

On May 26, 2016, Defendants filed a Motion to Dismiss and to Strike portions of the TAC. (ECF No. 42). Defendants contend that Plaintiff's request for injunctive relief is unsupported by factual allegations, and move to dismiss the request for injunctive relief. Defendants do not seek to dismiss the claims or the request for money damages.[2] Defendants also move the Court to strike portions of Plaintiff's TAC. Specifically, Defendants argue that the portions of Plaintiff's TAC which contain citations to legal authority are improper and immaterial. Defendants also request that the exhibit attached to the TAC be stricken on the grounds that it is immaterial.

On June 24, 2016, Plaintiff filed his opposition. (ECF No. 52). Plaintiff does not argue that the allegations in the TAC are sufficient to support the request for injunctive relief. Instead, he argues that events that he describes for the first time in his brief demonstrate he has been targeted by "associates" of Defendants after he filed this action. (ECF No. 41 and ECF No. 52 at 7-8). On July 11, 2016, Defendants filed a reply. (ECF. No 53).

---

[1] All pincite page references refer to the automatically generated ECF page number, not the page number in the original document.

[2] Because Plaintiff's claims also seek money damages, each of the claims and the action survive even if the partial motion to dismiss is granted.

2

15-cv-409-AJB-MDD

## II. BACKGROUND FACTS

On August 13, 2014, Plaintiff was being escorted in leg and waist chains by Defendants to his assigned cell in SDCJ. (ECF Nos. 41, 42). While Plaintiff was being escorted by Defendants he became upset, threw a box of lunches onto the floor and then grabbed onto a fence and would not let go. (*Id.*). It took approximately five deputies to finally take Plaintiff to the ground and get him under control. (*Id.*). Both parties agree that the initial use of force was justified. The dispute is whether or not Defendants used excessive force while Plaintiff was on the ground. Plaintiff contends that he was not resisting when he was taken to the ground by five deputies, but suffered fist strikes and knee blows from Defendants during that time, which caused physical, emotional and mental harm. (ECF No. 41 at 3).

## III. DISCUSSION

### A. Motion to Dismiss Request for Injunctive Relief

#### 1. Legal Standard for Pleading Injunctive Relief

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." FED. R. CIV. P. 8(a). The Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'") (citing *Twombly*, 550 U.S. at 570)). Courts must

construe allegations of the pro se pleadings liberally.  *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988).

"In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to plaintiff."  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  But "the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact." *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

To plead injunctive relief, a plaintiff must allege "that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009) (internal citations omitted); *see Woodard v. Haviland*, No. 2:11-CV-01807 LKK KJ, 2014 WL 950458, at \*6 (E.D. Cal. Mar. 11, 2014), *report and recommendation adopted,* No. 2:11-CV-1807-LKK, 2014 WL 1330572 (E.D. Cal. Apr. 1, 2014) (dismissing request for injunctive relief as to some defendants on motion to dismiss in § 1983 action).  "[T]he court is not obliged to accept allegations of future injury which are overly generalized, conclusory, or speculative." *Stevens v. Harper,* 213 F.R.D. 358, 370 (E.D. Cal. 2002); *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 109-110 (a plaintiff is required to credibly allege that he faces a realistic threat of future harm from the practice he seeks to enjoin); *Goldie's Bookstore v. Superior Court,* 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.").

**2. Analysis**

Plaintiff's request for injunctive relief is unsupported by allegations in his TAC, and the facts he presents for the first time in his opposition merely present a "conjectural" or "hypothetical" threat with a conclusory causal connection to the underlying event.

The TAC contains no allegations to support the request for injunctive relief. The TAC does not identify any prospective threat to Plaintiff, much less one that is substantial and immediate. Plaintiff's request for injunctive relief fails to satisfy the pleading standard set by Rule 8 and *Twombly*. The request for injunctive relief also is insufficiently pled because it is a general "obey the law" type of injunction that courts are loathe to enter. *Winters v. Jordan*, No. 2:09-CV-00522-JAM-KJN, 2010 WL 2838633, at *12 (E.D. Cal. July 20, 2010), *report and recommendation adopted*, No. CIV-S-09-0522, 2010 WL 3636226 (E.D. Cal. Sept. 14, 2010), *aff'd*, 479 F. App'x 742 (9th Cir. 2012). Consequently, this Court **RECOMMENDS** that Defendants' motion to dismiss the request for relief from the TAC be granted.

The Court further **RECOMMENDS** that Plaintiff not be given leave to amend the complaint to add supporting allegations for the injunctive relief request. Although Plaintiff attempted to offer curative amendments in his opposition, the new allegations are insufficient to support a request for relief, for the reasons explained below, such that granting leave to amend would be futile.

Plaintiff's opposition argues that he has been subjected to misuses of force on two occasions by "associates" of Defendants. (ECF No. 52 at 7-8). The two incidences occurred on or about January 23, 2016, and February 5, 2016, about one year after the original filing of this complaint or about 18

months after the initial alleged misuse of force by Defendants. (*Id.*). Plaintiff asserts that the timing of the alleged misuses of force are "circumstantial and direct evidence [that] a prospective harm exists," and that those attacks were retaliatory in nature. (*Id.*). The record contradicts Plaintiff's allegations.

Plaintiff has not stated facts sufficient to show that the first incident was retaliatory or that it involved the Defendants. Plaintiff alleges in his opposition that he was tased in a retaliatory attack on or about January 23, 2016. (ECF No. 52 at 6-7). Plaintiff's own evidence shows, however, that the incident was precipitated by Plaintiff's admitted failure to follow orders and was not carried out by either of the named Defendants. (ECF No. 52 at 16). This incident also occurred over 17 months after the alleged misuse of force by Defendants. It would be unreasonable to infer that the incident was fueled by retaliation at the request of Defendants, as Plaintiff alleges. *W. Mining Council,* 643 F.2d at 624.

Similarly, Plaintiff's claim that the second alleged misuse of force is causally connected and shows a likelihood of harm is also unsupported and conclusory.

If Plaintiff's TAC were amended to add the new allegations, the allegations would not be sufficient to state a claim for injunctive relief. No reasonable inference can be made to conclude that Plaintiff is likely to suffer irreparable and immediate harm from Defendants. *Lyons,* 461 U.S. at 111. Accordingly, the Court **RECOMMENDS** that Plaintiff's request for injunctive relief be **DISMISSED** with prejudice.

### B. Motion to Strike Legal Citations and Exhibit

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant,

1 immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The
2 function of a 12(f) motion to strike is to avoid the expenditure of time and
3 money that must arise from litigating spurious issues by dispensing with
4 those issues prior to trial. *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d
5 970, 973 (9th Cir. 2010) (quotation and citation omitted).

"A document filed *pro se* is 'to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystem, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Courts are reluctant to grant motions to strike in the absence of a showing of prejudice to the moving party. *Mattox v. Watson,* No. CV 07-5006-RGK RZX, 2007 WL 4200213, at *3 (C.D. Cal. Nov. 15, 2007). "[A]llegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant*." LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

The Court is not persuaded that Plaintiff's citations to legal authority are unduly prejudicial to the Defendant. Further, striking the Plaintiff's legal citations will not save the parties and Court "time and money," as Defendants argue. (ECF No. 42 at 4). Additionally, Plaintiff is pleading pro se, and his pleadings are held to less stringent standards. Accordingly, the

1 Court **RECOMMENDS** that Defendants' motion to strike legal citations
2 from the TAC be **DENIED**.
3   Defendants also request that the Court strike an exhibit attached by
4 the Plaintiff on the grounds that it is immaterial. (ECF. No. 42 at 5-6).
5 Plaintiff argues that he attached the exhibit to prove that he had exhausted
6 his administrative remedies within SDCJ before filing his Complaint. (ECF
7 No. 52 at 6-7). Plaintiff contends that the exhibit is material because the
8 Defendants alleged in their Answer to the Complaint, "that the action is
9 barred by plaintiff's failure to exhaust administrative remedies." (ECF No. 34
10 at 4 and ECF No. 52 at 6-7).
11   The Court finds that the exhibit is relevant. A "court must deny the
12 motion to strike if there is any doubt whether the allegations in the pleadings
13 might be relevant in the action." *In re 2TheMart.com, Inc. Sec Lit.*, 114 F
14 Supp. 2d 955, 965 (C.D. Cal. 2000). Accordingly, the Court **RECOMMENDS**
15 that Defendants' motion to strike the exhibit be **DENIED**.

### IV. CONCLUSION

17   For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the
18 District Court issue an Order: (1) Approving and Adopting this Report and
19 Recommendation; (2) **GRANTING** Defendants' motion to dismiss Plaintiff's
20 request for injunctive relief; (3) **DENYING** Defendants' motion to strike legal
21 citations from the TAC; and (4) **DENYING** Defendants' motion to strike the
22 exhibit.
23   **IT IS HEREBY ORDERED** that any written objections to this Report
24 must be filed with the Court and served on all parties no later than
25 **September 8, 2016**. The document should be captioned "Objections to
26 Report and Recommendation."
27

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **September 15, 2016**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: August 18, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge