UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES,<br><br>           Plaintiff,<br><br>v.<br><br>DEPUTY AGNEW, S.D. SHERIFFS,<br>DEPUTY TADE, S.D. SHERIFFS,<br><br>           Defendants. | Case No.: 15-cv-409- AJB- MDD<br><br>**(1) ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. No. 60);**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. No. 42);**<br><br>**(3) DENYING DEFENDANTS' OBJECTION (Doc. No. 65)** |

On February 23, 2015, Plaintiff Kyle James ("Plaintiff"),[1] filed this complaint against Defendants, Deputy Agnew and Deputy Tade ("Defendants"), alleging his civil rights were violated. (Doc. No. 1 at 1.) In Plaintiff's Third Amended Complaint ("TAC") filed on May 13, 2016, Plaintiff alleges that during an altercation with Defendants, Defendants struck and kneed Plaintiff in his back causing a laceration to his forehead.

---

[1] Plaintiff is a pretrial detainee proceeding pro se.

1

(Doc. No. 41 at 3.) Plaintiff requests an injunction and damages. (*Id*. at 5.)[2]

On May 26, 2016, Defendants filed a motion to dismiss Plaintiff's TAC. (Doc. No. 42.) On June 24, 2016, Plaintiff filed an opposition to Defendants' motion to dismiss. (Doc. No. 52.) On July 11, 2016, Defendants filed a reply in support of their motion to dismiss. (Doc. No. 53.) On August 17, 2016, Plaintiff asked for leave to file an additional amended complaint. (Doc. No. 59.)

On August 18, 2016, Judge Dembin issued a report and recommendation ("the R+R"), which recommended that the Court grant Defendants' motion to dismiss Plaintiff's request for injunctive relief and denied Defendants' motions to strike. (Doc. No. 60 at 1.) Defendants filed timely objections on September 8, 2016. (Doc. No. 65.) Plaintiff did not file a response to Defendants' objections. For the reasons set forth below, the Court **ADOPTS** the R+R, **GRANTS** Defendants' motion to dismiss Plaintiff's claim for injunctive relief, and **DENIES** Defendants' motion to strike.

## BACKGROUND

On August 13, 2014, Plaintiff, who was chained by the legs and waist, was being escorted back to his assigned cell in administrative segregation. (Doc. No. 41 at 1, 3.) While Plaintiff was being escorted, Plaintiff became upset and grabbed a box of lunches and tossed them to the ground. (*Id*.) Plaintiff then grabbed onto a fence and would not let go. (*Id*.) It took five deputies to take Plaintiff down to the ground and control him. (*Id*.) Plaintiff contends that once on the ground, Plaintiff did not resist. (*Id*.) Plaintiff then alleges that after he was secured by the deputies, Defendants began striking and kneeing the Plaintiff in his back causing a laceration to his forehead. (*Id*.) Plaintiff asks for an injunction and damages from both Defendants for the emotional and physical abuse he has suffered. (*Id*. at 5.)

///

---

[2] All pincite page references refer to the automatically generated ECF page number, not the page number in the original documents.

On May 26, 2016, Defendants filed a motion to dismiss and strike parts of Plaintiff's TAC. (Doc. No. 42-1.) Defendants alleged that Plaintiff's claim for injunctive relief should be dismissed because there is no factual basis for injunctive relief. (*Id.* at 3.) In addition, Defendants moved to strike parts of the TAC stating that Plaintiff's case citations are immaterial and constitute legal arguments that are improper in the complaint. Furthermore, Defendants moved to strike the Citizens Law Enforcement Review Board ("CLERB") exhibit attached to Plaintiff's TAC stating that it references issues unrelated to this instant matter. (*Id.* at 5.)

These motions were referred to Judge Dembin for issuance of a R+R. In resolving the motion to dismiss, Judge Dembin recommended that the Court grant Defendants' motion to dismiss as the TAC contains no allegations to support the request for injunctive relief. (Doc. No. 60 at 5.) Moreover, the Court further recommended that Plaintiff not be granted leave to amend as any new allegations would not be sufficient to state a claim for injunctive relief. (*Id.* at 5-6.) Lastly, Judge Dembin denied Defendants' motions to strike finding that Plaintiff's complaint was not prejudicial to Defendants and that the CLERB exhibit is relevant to Plaintiff's TAC. (*Id.* at 7-8.)

Defendants filed a timely objection to the R+R on September 8, 2016. (Doc. No. 65.) Defendants contend that no prejudice would result to Plaintiff's claim of excessive force if Defendants' motion to strike Plaintiff's case citation allegations and legal arguments set forth in the TAC is granted. (*Id.* at 2.) As such, the motion to strike in this case would simply be a "limited measure to clarify the complaint to be answered." (*Id.*)

## LEGAL STANDARDS

### I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b)(3) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report" to which objection is made, and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also*

*United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## DISCUSSION

### I.  Motion to Strike Legal Citations and Legal Argument

The R+R found that Plaintiff's citations to legal authority are not unduly prejudicial to Defendants. (Doc. No. 60 at 7.) Furthermore, the R+R found that Plaintiff, who is pleading pro se, should be held to less strict standards than a formal lawyer. (*Id*.) Defendants object to the R+R asserting that the case citations and legal arguments that Defendants seek to strike are "not factual averments of any occurrence involving Defendants that give rise to Plaintiff's claim of excessive force." (Doc. No. 65 at 2.) As such, those portions of the TAC should be stricken.

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Motions to strike are "generally disfavored and are not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Kosta v. Del Monte Co.*, No. 12-cv-01722-YGR, 2013 WL 2147413, at *4 (N.D. Cal. May 15, 2013.) *See Int'l Longshoreman's Assoc. v. VA. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) ("even a properly made motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted")). When ruling on a motion to strike, a court should view the pleading under attack in the light most favorable to the nonmoving party. *Jones v. AIG Risk Mgmt. Inc.*, 726 F. Supp. 2d 1049, 1061 (N.D.

Cal. July 20, 2010).

Defendants cite to a variety of cases to support their motion to strike. However, the Court finds Defendants' case references to be inapplicable to the present matter. In *Morse v. Lower Merion Sch. Dist.*, none of the parties were pro se and the court was dealing with a motion to dismiss. 132 F.3d 902, 906 (3d Cir. 1997). In *Victorious v. Lanigan* and *Gibney v. FitzGibbon*, a party was pleading pro se but the courts in those matters were again dealing with a motion to dismiss. No. 15-6949 FLW, 2016 WL 2981759, at *1 (D.N.J. May 23, 2016); 257 Fed.Appx. 111, 112 (3rd Cir. 2013). In the instant matter, Plaintiff is proceeding pro se and Defendants are requesting a motion to strike portions of Plaintiff's TAC. As such, the Court finds Defendants' case references to be unpersuasive.

Furthermore, the Court agrees with the R+R and finds that Plaintiff's pleadings should be held to a "less stringent standard" than those documents drafted by a formal lawyer. *See Haines v. Kerner*, 404 U.S. 519, 596 (1972). The Court believes that Defendants will not be prejudiced by Plaintiff's alleged legal assertions at the pleading stage and striking portions of Plaintiff's TAC will not help save the Court any time or money. Defendants also argue that the motion to strike in this case would simply be a "limited measure to clarify the complaint to be answered." (Doc. No. 65 at 2.) However, as case law clearly dictates, a motion to strike is a "drastic measure" and the Court finds that Plaintiff's complaint of excessive force need not be further clarified.[3] Thus, Defendants' objection is **DENIED**.

## CONCLUSION

For the reasons set forth above, the court thereby **ADOPTS** the R+R, (Doc. No. 60), **OVERRULES** Defendants' objection, (Doc. No. 65), **GRANTS** Defendants' motion to dismiss Plaintiff's claims for injunctive relief with prejudice, (Doc. No. 42-1), and

---

[3] *See Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("striking a party's pleadings is an extreme measure, and, as a result, we have previously held that [m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted").

**DENIES** both of Defendants' motions to strike. As such, the Court **ADOPTS** the Report and Recommendation in its entirety.

**IT IS SO ORDERED.**

Dated:  October 3, 2016

_____
Hon. Anthony J. Battaglia
United States District Judge