UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES,<br><br>                              Plaintiff,<br><br>v.<br><br>DEPUTY AGNEW and DEPUTY TADE,<br><br>                              Defendants. | Case No.:  15cv409-AJB-MDD<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO APPOINT VIDEO ENHANCEMENT EXPERT;**<br><br>**(2) DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME FOR ALL DISCOVERY**<br><br>**[ECF Nos. 74, 82]** |

On September 27, 2016, Plaintiff filed this Motion to the Court for Appointment of Expert (Video Enhancement Expert) Under Rule 706 Fed. R. Evid. and Exten[s]ion of Time for All Discovery Under Rule 6(b) Fed. R. Civ. P.  (ECF No. 74).  On October 14, 2016, Plaintiff filed a Motion for Extension of Time for All Discovery.  (ECF No. 82).  For the reasons set forth below, both motions are **DENIED**.

### I.  Motion for Appointment of Expert  (ECF No. 74)

Plaintiff explains a video of the alleged excessive force incident is "a little blurry," and asks the Court to appoint a video enhancement expert for him "to show the Court the defendant and counsel are lying to the Court" on the belief that with the appointment of the expert "defendant's counsel won't go to trial saving the Court and County time and money." Plaintiff asks the Court to appoint him an expert because he is indigent and has limited access to communicate with experts due to his inmate status.

District courts have broad discretion to appoint an expert witness, either by their own motion or on motion of a party. FED. R. EVID. 706(a); *McKinney v. Anderson,* 924 F.2d 1500, 1510-11 (9th Cir. 1991) (overruled on other grounds by *Helling v. McKinney*, 502 U.S. 903 (1991)). "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Walker v. Woodford,* 2008 WL 793413 (S.D. Cal., March 24, 2008) (citation omitted); *see also Faletogo v. Moya,* 2013 WL 524037 (S.D. Cal., Feb. 12, 2013) (same). A court appointed expert's function is to aid the Court in understanding the issues, not to aid the litigant in presenting his claims. *Gomez v. Sogge,* 2010 WL 2612319 (N.D. Cal. June 24, 2010).

The Court finds that good cause to appoint an expert witness does not exist. Plaintiff is seeking appointment of a video enhancement expert to aid him since he has been unable to retain his own expert. As discussed above, it is not the purpose of Rule 706 for the Court to provide an expert to a litigant or to provide countering opinions or second opinions in support of a particular party. Furthermore, the Court does not deem appointment of a neutral video enhancement expert necessary to aid the Court in reviewing

1  evidence at this time because the video has not been presented as evidence
2  in this action.  If the video is later presented, is material and is indeed
3  blurry, Rule 706 permits the Court to appoint a neutral expert on its own
4  motion if the Court deems necessary.  Accordingly, Plaintiff's Motion for a
5  Court appointed expert witness is **DENIED**.

6      **II.   Motion for Extension of Time for All Discovery**

7      Plaintiff filed two motions that seek an extension of the time for all
8  discovery.  (ECF Nos. 74, 82).  Plaintiff moves for an extension on the
9  grounds that he has been delayed in discovery by his status as an indigent
10 inmate, by limited access to paper and a law library, by interference from
11 Defendants, their counsel and other state actors, by the necessity of
12 appearing in state court for criminal proceedings, by transfer to Chino State
13 Prison, and will be further delayed by his impending transfer to federal
14 custody to stand trial for a federal charge.  (ECF No. 74).

15     A scheduling order "may be modified only for good cause and with the
16 judge's consent."  FED. R. CIV. P. 16(b)(4).  "The district court may modify
17 the pretrial schedule 'if it cannot reasonably be met despite the diligence of
18 the party seeking the extension.' Fed.R.Civ.P. 16 advisory committee's notes
19 (1983 amendment)..."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d
20 604, 609 (9th Cir. 1992).  "...[T]he focus of the inquiry is upon the moving
21 party's reasons for seeking modification....  If that party was not diligent,
22 the inquiry should end."  *Id.* (citation omitted).

23     The Court finds Plaintiff has not shown good cause for extending
24 discovery.  Discovery commenced in this action on March 16, 2016, and
25 closed on October 14, 2016.  (ECF No. 35 (Rule 16(b) Scheduling Order)).
26 The 7 month discovery period provided ample time for discovery in this

3

simple case involving only one excessive force claim against one defendant, even with the routine constraints indigent inmates endure. During the discovery phase, Plaintiff sought discovery from Defendants and third parties. For instance, Plaintiff sought and obtained medical records and the surveillance video of the alleged excessive force incident.

Although Plaintiff complains that he had insufficient access to paper and the law library to conduct discovery, his voluminous filings—usually including topical case law and statutes—show he had sufficient access to paper and legal sources.

Plaintiff explains that if discovery were extended, he would file a motion to compel Defendant's disciplinary records, but his papers disclose he only requested those records informally and his papers do not explain why Plaintiff did not formally request the discovery sooner in the discovery phase. Plaintiff has not shown diligence with respect to obtaining Defendant's disciplinary records.

Similarly, Plaintiff explains that he has not yet obtained some of his medical records or the relevant Jail Policy and Procedure Manual, but he does not set forth facts showing his diligence in attempting to obtain this discovery or in bringing the matter to the Court's attention.

Plaintiff also states that he will seek video evidence of one or two entirely different uses of force incidents involving someone who is not named in the complaint. The Court finds that this proposed discovery is not relevant or proportional to this case, and therefore Plaintiff's intention to pursue that material does not show good cause for extending discovery.

Further, although Plaintiff notes that he has not taken the deposition of his key witness, he does not attribute that to the length of the discovery

period; he attributes that to his inability to afford the deposition. An extension of discovery would not change Plaintiff's inability to afford the deposition.

Finally, Plaintiff's first motion (ECF No. 74) seeks the discovery extension, in part, to ensure that if this Court were to grant his concurrent motion to appoint a video enhancement expert, that expert could be timely designated and disclosures made within the discovery period. Because this Court denies Plaintiff's motion to appoint the expert above, no extension of discovery for that expert is necessary.

Consequently, the Plaintiff's motions for an extension of all discovery are **DENIED**.

**IT IS SO ORDERED**.

Dated: November 3, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge