UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES,<br><br>                                   Plaintiff,<br><br>v.<br><br>DEPUTY AGNEW and DEPUTY TADE,<br><br>                                   Defendants. | Case No.:  15cv409-AJB-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 128]** |

Currently before the Court is Plaintiff's motion for reconsideration [ECF No. 128] and Plaintiff's declaration in support of his motion for reconsideration [ECF No. 126].  For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Plaintiff's 42 U.S.C. § 1983 complaint alleges that Defendant Tade violated his civil rights by using excessive force during an incident on August 13, 2014.  (ECF No. 12).

On November 28, 2016, Plaintiff constructively filed a "motion

requesting more time for discovery and to delay summary judgment proceedings." (ECF No. 111). The Court denied Plaintiff's motion on December 16, 2016. (ECF No. 115). On December 27, 2016, Plaintiff constructively filed a motion for reconsideration on the Court's December 16, 2016, Order [ECF No. 128] and Plaintiff's declaration in support of his motion for reconsideration [ECF No. 126].

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Further, Local Rule 7.1(i)(1) provides that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . ." S.D. Cal. Civ.L.R. 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

Plaintiff's original motion requesting an extension of discovery and to delay summary judgment sets forth five arguments: (1) summary judgment proceedings should be postponed until discovery requests are answered; (2)

1  Defendants waived their objections by failing to respond to Plaintiff's
2  discovery requests; (3) Plaintiff's discovery requests are relevant to proving
3  punitive damages; (4) Plaintiff's discovery requests are relevant to disproving
4  Defendants' defenses; and (5) there is good cause to extend discovery because
5  Defendants have intentionally stalled responding to discovery and Plaintiff's
6  transfer to prison delayed his ability to propound discovery.  (ECF No. 111 at
7  2-12).

8   In the instant motion, Plaintiff argues that the Court's December 16,
9  2016, Order was made in clear error.  (ECF No. 128 at 4).  Plaintiff asserts
10 that "[t]he [C]ourt should have granted the Plaintiff at least one extension for
11 discovery" because Defendants intentionally delayed responding to Plaintiff's
12 discovery requests and other delays were caused by Plaintiff's "multiple
13 transfers from facility to facility during the discovery phase."  (*Id.* at 4).
14 Plaintiff also contends that his discovery requests are relevant to disprove
15 Defendants' defenses and that Defendants waived their objections by failing
16 to respond to Plaintiff's discovery requests.  (*Id.* at 5-7).  Plaintiff's
17 declaration reiterates each of his arguments.  (ECF No. 126).

18  Plaintiff's arguments in his November 28, 2016, motion are identical to
19 Plaintiff's arguments in the instant motion for reconsideration.  (*See* ECF
20 Nos. 111, 128).   Plaintiff does not present the Court with newly discovered
21 evidence or new or different facts or circumstances.  Rather, Plaintiff's motion
22 for reconsideration shows that Plaintiff merely disagrees with the Court's
23 December 16, 2016, Order.  This is insufficient to warrant reconsideration of
24 the Court's prior order.  *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d
25 877, 890 (9th Cir. 2000), *quoting 389 Orange St. Partners v. Arnold*, 179 F.3d
26 656, 665 (9th Cir. 1999).
27 //

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:   January 12, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge