**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Kyle James

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KYLE JAMES**<br>　　　　**Plaintiff,**<br>**v.**<br>**DEPUTY LANCE TADE**<br>　　　　**Defendant.** | Case No.: 15cv0409-AJB (MDD)<br><br>PLAINTIFF'S MOTION IN LIMINE NO. 2 – FOR DEFENDANT TO BRING WAIST AND LEG CHAINS FOR USE AT TRIAL |

Kazerouni Law Group, APC
Santa Ana, California

Plaintiff brings this motion in Limine requesting that Defendant is ordered to bring waist and leg chains, similar to the chains Plaintiff was bound to on the date of the incident, for Plaintiff's counsel's use of the chains at trial as demonstrative evidence.

## I.   INTRODUCTION

Plaintiff James Kyle ("Plaintiff") brings this instant lawsuit for Defendant, Deputy Trade's ("Defendant") excessive use of force when Plaintiff was in waist and leg chains facing the floor. Plaintiff alleges that Defendant unlawfully and unreasonably used force to repeatedly strike Plaintiff when Plaintiff was no longer resisting. Plaintiff now seeks that this Court order Defendant to bring waist and leg chains for Plaintiff's counsel to use at trial as demonstrative evidence and allow the jury to fully understand: (a) the extent of mobility of Plaintiff at the time the force was used; and (b) Plaintiff's ability to resist or pose threat at the time of force.

## II.   LEGAL STANDARD

A party may use a motion in Limine to address evidentiary issues before trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2(1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. *Brodit v. Combra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## III.   DEFENDANT SHOULD BE COMPELLED TO BRING WAIST AND LEG CHAINS FOR USE AT TRIAL

This matter essentially rests upon the issue whether Defendant, Deputy Trade, used excessive force on Plaintiff, when Plaintiff, having been bound to waist and leg chains was laying face down on the ground. One of the factors in

determining whether excessive force was used, is "whether defendant reasonably believed there was a threat to the safety of staff or prisoners." *See Kingsley v. Hendrickson,* 135 S.Ct. 2466 at 2471 (2015). In order for the jury to determine the reasonableness of Defendant Deputy Trade's belief of any perceived danger or threat, it is essential for the jury to fully understand Plaintiff's level of mobility at the time of the incident. As such, Plaintiff requests that he be permitted to use waist and leg chains at the time of trial.

Further, the probative value of the waist and leg chains is incredibly high and beneficial in this matter, would allow the jury determine whether the force used on Plaintiff was excessive/unreasonable. Therefore, Plaintiff's request for Defendant to bring the demonstrative evidence for use at trial is relevant and appropriate under FRE 401/402. There is no danger that this evidence would somehow adversely affect the jury.

Additionally, to alleviate any security threats or safety issues, Plaintiff himself will <u>not</u> have access to the waist and leg chains. In fact, Plaintiff will be chained at the time of trial. Plaintiff is requesting a <u>separate</u> set of waist and leg chains, which will be used solely by Plaintiff's counsel and their staff.

It is highly unlikely for the jurors to have experienced being chained to waist and leg restraints, and Plaintiff's counsel's use of chains during the trial will illustrate Plaintiff's level of restraint at the time of the incident. Plaintiff's counsel's use of waist chains will help the jurors to understand the difficult factual issues, specifically, whether the exercise of force was reasonable under the circumstances.

### IV. Conclusion

For the aforementioned reasons, this Court should grant Plaintiff's motion in Limine, and order Defendant to bring to Court waist and leg restraints, similar to the waist and leg chains used on Plaintiff on the date of the incident, for use at

trial as demonstrative evidence.

Respectfully submitted,

**HYDE & SWIGART, APC**

Date: 1/19/18          By: /s/ Yana A. Hart
                              Yana A. Hart
                              *Attorney for Plaintiff*

PLAINTIFF'S MOTION IN LIMINE NO. 2
CASE NO.: 15CV0409-AJB(MDD)

3