UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES,<br><br>                           Plaintiff,<br>v.<br>DEPUTY TADE, San Diego Sheriffs Deputy,<br><br>                          Defendant. | Case No.: 15-cv-409-AJB-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REVIEW THE ORDER TAXING COSTS**<br><br>(Doc. No. 231) |

This matter comes before the Court on Plaintiff Kyle James' ("Plaintiff") motion to review the order taxing costs pursuant to Federal Rule of Civil Procedure 54(d). (Doc. No. 231.) Defendant Lance Tade ("Defendant") opposes the motion. (Doc. No. 233.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. Accordingly, the motion hearing set for June 21, 2018, is **VACATED**. As will be explained in greater detail below, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

On February 14, 2018, based upon a jury verdict, the Court entered judgment in favor of Defendant and against Plaintiff. (Doc. No. 223.) Thereafter, on March 2, 2018, Defendant submitted a bill of costs in the amount of $2,211.04. (Doc. No. 226 at 1.)

1

Plaintiff opposed the bill of costs. (Doc. No. 229.) A hearing was then held on the matter by the Clerk of Court, on March 22, 2018. (Doc. No. 227; Doc. No. 230 at 1.) On March 28, 2018, the Clerk of Court ordered Plaintiff pay costs taxed in the amount of $2,211.04. (*Id*. at 2–3.) The division of the costs requested and ordered are detailed below:

| Description | Amount(s) Requested | Amounts(s) Taxed |
|---|---|---|
| Fees of the clerk | | |
| Fees for service of summons and subpoenas | $543.54 | $543.54 |
| Fees for printed or electronically recorded transcripts | $1,712.50 | $1,667.50 |
| Fees and disbursements for printing | | |
| Fees for witnesses | | |
| Fees for exemplification and copies | | |
| Docket fees under 28 U.S.C. § 1923 | | |
| Costs as shown on mandate of Court of Appeals | | |
| Compensation of court-appointed experts | | |
| Compensation/costs of interpreters under 28 U.S.C. § 1828 | | |
| Other costs as itemized: | | |
| **TOTAL COSTS TAXES** in favor of Lance Tade | $2,256.04 | $2,211.04 |

(*Id*.)

## LEGAL STANDARD

The *in forma pauperis* statute provides: "Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . if the judgment against a prisoner includes the payment of costs . . . the prisoner shall be required to pay the full amount of the costs ordered." 28 U.S.C. § 1915(f)(1)–(2)(A). Federal Rule of Civil Procedure 54

provides that, "[u]nless . . . a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). A court may consider "the losing party's limited financial resources," "misconduct on the part of the prevailing party," and any "chilling effect of imposing such high costs on future civil rights litigants." *Id.* at 592. "[I]t is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

## DISCUSSION

Plaintiff requests this Court deny the award of costs because (1) Plaintiff has severely limited financial resources; and (2) the award of costs would have a chilling effect on civil rights cases. (Doc. No. 231-1 at 3–5.) Defendant mounts in opposition that Plaintiff has not established his alleged indigence and that no chilling effect will result from awarding Defendant costs. (Doc. No. 233 at 2–4.)

In a civil rights context, "[a] district court must 'specify reasons' for its refusal to award costs." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591. In reviewing a motion to deny costs, the Ninth Circuit has noted the following reasons for refusing to award costs to a prevailing party: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) whether the issues in the case were close and difficult; (4) whether the prevailing party's recovery was nominal or partial; (5) whether the losing party litigated in good faith; and (6) whether the case presented issues of national importance. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

First, Plaintiff highlights that he is a prisoner that brought this case *pro se* and that his financial situation has not changed or improved since this Court granted him *in forma pauperis* status. (Doc. No. 231-1 at 4.) Unfortunately, courts have held that once costs are awarded, "a prisoner cannot avoid responsibility based on indigence." *Janoe v. Stone*, No.

06-CV-1511-JM, 2012 WL 70424, at *2 (S.D. Cal. Jan. 9, 2012). Therefore, indigence, standing alone, does not justify Plaintiff evading the taxation of costs. Furthermore, the Court notes for Plaintiff's benefit that his concern that he will be unable to pay the costs in this case is alleviated by the existence of 28 U.S.C. § 1915(b)(2), which provides that prisoners are to pay costs incrementally, making "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2); *see also Player v. Salas*, No. 04CV1761-LAB (WMC), 2007 WL 4250015, at *2 (S.D. Cal. Nov. 30, 2007) (stating that in light of §1915's provision allowing installment payments, there is no basis for the incarcerated plaintiff's fear that he would not be able to pay for hygiene items and correspondence supplies unless costs were re-taxed). Thus, while the Court is cognizant of Plaintiff's financial plight, his request that the Court deny the award of costs to Defendant because of his indigence ultimately fails.

On the other hand, the Court finds that the undesirable chilling effect on future civil rights litigants will be enhanced by an award of costs in this case. The Court notes that no bright-line rule defining what precise amount of costs would produce a chilling effect exists. However, the Court finds persuasive the analysis and ultimate conclusion in *Draper v. Rosario*, 836 F.3d 1072 (9th Cir. 2016).

In *Draper*, the Ninth Circuit Court of Appeals denied the defendant's request for costs stating that the case had "substantial public importance" as Eighth Amendment cases are "important for safeguarding the rights and safety of prisoners." *Id*. Moreover, the court found that the case turned on "which competing account of events the jurors believed," that the jury deliberated for half a day and several more hours the next morning, and that the plaintiff's Eighth Amendment violation survived summary judgment. *Id*. Thus, in general, the court found that "the case was close." *Id*. Furthermore, the court stated that cost awards against prisoners proceeding *in forma pauperis* has "potential chilling effects." *Id*.

Similar to *Draper*, Plaintiff's evidence of excessive force was sufficient to survive summary judgment. (Doc. No. 148.) Moreover, as the Report and Recommendation stated, "this is the usual case where each side tells a different story" and that this was not a case

4

"where Plaintiff's version of events is so blatantly contradicted by undisputed evidence . . . ." (Doc. No. 140 at 13–14.) Additionally, Plaintiff was granted *in forma pauperis* status, (Doc. No. 21), and he brings claims of excessive force, which is unquestionably a matter of substantial public importance. In sum, all of the factors above are appropriate reasons for denying costs.

## CONCLUSION

Based on the reasons stated above, the Court finds that an award of costs against Plaintiff would have the potential to chill other meritorious civil rights actions. Accordingly, Plaintiff's request that this Court review the order taxing costs and ultimately deny Defendants costs is **GRANTED**. Defendant will not recover costs in this case.

**IT IS SO ORDERED**.

Dated: June 7, 2018

Hon. Anthony J. Battaglia
United States District Judge